# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                        No. 01-4961

ZELDRIC S. VANCE,
        *Defendant-Appellant.*

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                        No. 01-4973

DARRELL MORRIS,
        *Defendant-Appellant.*

Appeals from the United States District Court
for the District of South Carolina, at Greenville.
G. Ross Anderson, Jr., District Judge.
(CR-01-281)

Submitted: October 9, 2002

Decided: October 24, 2002

Before WIDENER and WILKINS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Andrew R. MacKenzie, Greenville, South Carolina; Benjamin T. Stepp, Assistant Federal Public Defender, Greenville, South Carolina, for Appellants. Elizabeth Jean Howard, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Zeldric S. Vance and Darrell Morris appeal from their convictions and sentences imposed for committing a bank robbery. Vance and Morris's attorneys have filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating there are no meritorious issues for appeal but raising several potential issues. Vance has filed a pro se supplemental brief in which he contends that a photographic array used to identify him by a witness was impermissibly suggestive and that his trial counsel rendered ineffective assistance. Finding no error, we affirm the judgments.

Morris first argues that the court erred in denying his motion to suppress items found in his car after his arrest during an inventory before the vehicle was impounded. We review a district court's factual findings underlying its denial of a motion to suppress for clear error, while reviewing its legal conclusions de novo. *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). In addition, in reviewing the denial of a motion to suppress, we review the evidence in the light most favorable to the government. *United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998). Under these standards, we conclude the district court properly denied Morris's motion to suppress the evidence for the reasons stated from the bench on July 6, 2001.

Morris also maintains that the district court erred in denying his motion for a severance. We review a district court's decision on a severance motion for an abuse of discretion. *United States v. Ford*, 88 F.3d 1350, 1361 (4th Cir. 1996). If a defendant will be prejudiced by a joint trial, a district court has the discretion to order separate trials. Fed. R. Crim. P. 14. The moving party must establish that there would be resulting prejudice from the joint trial and not merely that he would stand a better chance of acquittal if he were tried separately from co-defendants. *United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995). We conclude that Morris failed to establish the requisite prejudice to require separate trials.

Both Morris and Vance argue that the district court erred in denying their Fed. R. Crim. P. 29 motions for judgment of acquittal. This court must affirm the district court's Rule 29 order if there is substantial evidence, viewed in the light most favorable to the government, supporting a jury finding that the defendant is guilty beyond a reasonable doubt. *United States v. MacCloskey*, 682 F.2d 468, 473 (4th Cir. 1982). After reviewing the record, we find no error in the district court's denial of the Rule 29 motions.

Vance further claims that the district court erred in applying the two-level enhancement for a threat of death involved in the offense, pursuant to *U.S. Sentencing Guidelines Manual* § 2B3.1(b)(2)(F) (2001). This court reviews de novo the legal interpretation of the Guidelines as they pertain to a set of facts. *United States v. Franks*, 183 F.3d 335, 337 (4th Cir. 1999). A threat of death may be an oral or written statement, act, gesture, or a combination thereof. USSG § 2B3.1(b)(2)(F) n.6. The sentencing court should apply the enhancement when the conduct was intended to "instill in a reasonable person, who is a victim of the offense, a fear of death." *Id.* We conclude that the district court did not err in applying the enhancement because presenting a note such as Vance's during the course of a robbery would place a reasonable person in that situation in fear of death.

We have reviewed the arguments made in Vance's pro se supplemental brief. As to Vance's contention that the district court should have suppressed the photographic identification made by witness Kira Ramey, we find no plain error. *See United States v. Olano*, 507 U.S. 725, 731-32 (1993). Vance also claims that he received ineffective

assistance of trial counsel because counsel failed to subpoena and present fingerprint analysis, failed to call as a witness the FBI height expert who estimated the robber's height based upon photographs, failed to move to suppress Ramey's photographic identification, and failed to subpoena other witnesses who were unable to identify the robber in the photo array. Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). To allow for adequate development of the record, claims of ineffective assistance of counsel must ordinarily be pursued in a motion filed pursuant to 28 U.S.C. § 2255 (2000). *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception to this general rule applies when the record conclusively establishes ineffective assistance of counsel. *King*, 119 F.3d at 295. We conclude, after reviewing the record, that it does not conclusively establish ineffective assistance of counsel. *See id.*

We have examined the entire record in this case in accordance with the requirements of *Anders* and find no meritorious issues for appeal. We therefore affirm Vance and Morris's convictions and sentences. This court requires that counsel inform their clients, in writing, of their right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. Finally, we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*